IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03097-WJM-CBS

JOHN L. MARTIN,
        Plaintiff,
v.

SKYWEST AIRLINE, INC.,
        Defendant.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

        This civil action now comes before the court on Mr. Martin's Response to Order

to Show Cause (filed May 20, 2011) (Doc. # 14).  Pursuant to the Order of Reference

dated March 11, 2011 (Doc. # 12), this civil action was referred to the Magistrate Judge.

        The Federal Rules of Civil Procedure provide:

> "[i]f a defendant is not served within 120 days after the complaint is filed,
> the court--on motion or on its own after notice to the plaintiff--must dismiss
> the action without prejudice against that defendant or order that service
> be made within a specified time. But if the plaintiff shows good cause for
> the failure, the court must extend the time for service for an appropriate
> period.

Fed. R. Civ. P. 4(m).  Mr. Martin filed the original Title VII Complaint in the instant action

on December 21, 2010.  (*See* Doc. # 1).  He filed his Amended Title VII Complaint

naming the same Defendant on February 24, 2011.  (*See* Doc. # 8).

        On April 29, 2011, the court issued an Order to Show Cause to Mr. Martin,

directing him to show good cause in writing "why this civil action should not be

dismissed for failure to timely serve the Defendant, failure to prosecute this civil action,

and /or failure to comply with the Local Rules of Practice for the United States District

Court for the District of Colorado and the Federal Rules of Civil Procedure." (*See* Doc.

# 13).  The court noted that as of the date of the Order to Show Cause, more than 120

days has passed since the filing of the original Complaint and Mr. Martin had not filed

with the court any proof of service of process on the Defendant.  A court cannot obtain

personal jurisdiction over a party without proper service of process.  *See Murphy*

*Brothers, Inc v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a . . .

court may exercise personal jurisdiction over a defendant, the procedural requirement

of service of summons must be satisfied.") (citation omitted);  *Oklahoma Radio*

*Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process

provides the mechanism by which a court having venue and jurisdiction over the

subject matter of an action asserts jurisdiction over the person of the party served")

(citations omitted);  *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court

obtains personal jurisdiction over the parties when the complaint and summons are

properly served upon the defendant.  Effective service of process is therefore a

prerequisite to proceeding further in a case.").

In his response to the Order to Show Cause, Mr. Martin contends that he has

served the Defendant, attaching as proof certified mail receipts from the United States

Post Office.  (*See* Doc. # 14).  As no waivers of service have been filed with the court,

Mr. Martin must comply with the service requirements of Fed. R. Civ. P. Rule 4.  Mr.

Martin alleges that Defendant is a corporation.

> Serving a Corporation, Partnership, or Association. Unless federal law provides
> otherwise or the defendant's waiver has been filed, a domestic or foreign

corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

>> (1) in a judicial district of the United States:

>>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

>>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; . . .

Fed. R. Civ. P. 4(h).  Rule 4(e)(1) provides:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

>> (2) doing any of the following:

>>> (A) delivering a copy of the summons and of the complaint to the individual personally;

>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

>>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Colorado law provides for service:

> (4) Upon any form of corporation, partnership, association, cooperative, limited liability company, limited partnership association, trust, organization, or other form of entity that is recognized under the laws of this state or of any other jurisdiction, (including any such organization, association or entity serving as an agent for service of process for itself or for another entity) by delivering a copy thereof to the registered agent for service as set forth in the most recently filed

document in the records of the secretary of state of this state or any other jurisdiction, or one of the following:

(A) An officer of any form of entity having officers;

(B) A general partner of any form of partnership;

(C) A manager of a limited liability company or limited partnership association in which management is vested in managers rather than members;

(D) A member of a limited liability company or limited partnership association in which management is vested in the members or in which management is vested in managers and there are no managers;

(E) A trustee of a trust;

(F) The functional equivalent of any person described in paragraphs (A) through (E) of this subsection (4), regardless of such person's title, under:

(I) the articles of incorporation, articles of organization, certificate of limited partnership, articles of association, statement of registration, or other document of similar import duly filed or recorded by which the entity or any or all of its owners obtains status as an entity or the attribute of limited liability, or

(II) the law pursuant to which the entity is formed or which governs the operation of the entity;

(G) If no person listed in subsection (4) of this rule can be found in this state, upon any person serving as a shareholder, member, partner, or other person having an ownership or similar interest in, or any director, agent, or principal employee of such entity, who can be found in this state, or service as otherwise provided by law.

Colo. R. Civ. P. 4(e)(4).

Here, service was not properly effected upon Defendant by delivery of unidentified documents by certified mail to a mailing address.  The certified mail receipts submitted by Mr. Martin do not comply with any method of service provided under Rule 4 for this Defendant.  To date, Mr. Martin has not filed with the court proper

proof of service on the Defendant or requested an extension of time to properly serve the Defendant.

The court having reviewed Mr. Martin's Response, the entire case file, and the applicable law and being sufficiently advised in the premises,

IT IS ORDERED that:

1.      **Mr. Martin shall on or before Thursday June 30, 2011, file proof of proper service on Defendant.**  If Mr. Martin fails to file proof of proper service on Defendant on or before June 30, 2011, the Magistrate Judge may issue a Recommendation without further notice that this civil action be dismissed for failure to timely serve Defendant, failure to prosecute this civil action, and /or failure to comply with the Local Rules of Practice for the United States District Court for the District of Colorado and the Federal Rules of Civil Procedure.

2.      The Order to Show Cause dated April 29, 2011 (Doc. # 13) is discharged.

DATED at Denver, Colorado, this 31st day of May, 2011.

BY THE COURT:


        s/Craig B. Shaffer
United States Magistrate Judge